J-S30039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
PETER BIENVIENIDO ROJAS :
:
Appellant : No. 2784 EDA 2022

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002191-2009

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 14, 2023**

Peter Bienvienido Rojas ("Rojas") appeals from the order dismissing his

third petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1] We vacate the order and remand for further proceedings.

In 2011, a jury convicted Rojas of murder of the second degree and

burglary. The trial court sentenced Rojas to life imprisonment for the murder

conviction. This Court affirmed the judgment of sentence and our Supreme

Court denied allowance of appeal on August 14, 2013. **See Commonwealth**

**v. Rojas**, 68 A.3d 362 (Pa. Super. 2013) (unpublished memorandum), *appeal*

*denied*, 72 A.3d 603 (Pa. 2013).

In 2014, Rojas filed a timely *pro se* PCRA petition. The PCRA court

appointed counsel, who filed an amended petition. The PCRA court ultimately

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

dismissed the petition, and this Court affirmed the dismissal. *See Commonwealth v. Rojas*, 169 A.3d 1224 (Pa. Super. 2017) (unpublished memorandum). In 2017, Rojas filed a *pro se* petition for writ of *habeas corpus* which was denied. *See Rojas v. Capozza*, 2017 U.S. Dist. LEXIS 193474 (E.D. Pa. 2017).

In April 2020, Rojas filed a second *pro se* PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Rojas filed a *pro se* supplemental petition and a *pro se* response to counsel's "no-merit" letter. On February 8, 2022, the PCRA court granted counsel's motion and issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.[2] The notice indicated that Rojas had twenty days (until February 28, 2022) in which to file a response. No response to the Rule 907 notice was received by the court within that timeframe. On March 1, 2022, the PCRA court entered an order dismissing the petition.[3] Rojas did not appeal that order.

---

[2] The docket indicates that service of the Rule 907 notice was mailed to Rojas via certified mail on February 8, 2022, and the certified record contains the certified mail receipt.

[3] The docket indicates that service of order dismissing Rojas's second PCRA petition was mailed to Rojas via certified mail on March 1, 2022, and the certified record contains the certified mail receipt.

On March 8, 2022, the court received Rojas's request for an extension of time to respond to the Rule 907 notice.[4] Therein, he indicated that he did not receive the Rule 907 notice until February 23, 2022, and he believed that five days was an insufficient period of time in which to respond to the notice. On March 14, 2022, Rojas filed an untimely response to the PCRA court's Rule 907 notice. On March 16, 2022, the PCRA court entered an order denying the request for an extension of time to respond to the Rule 907 notice. Rojas states that he received the order denying his request for an extension of time to respond to the Rule 907 notice on March 27, 2022. *See* Rojas's Brief at 10. Rojas further states that, on April 4, 2022, he received a time-stamped copy of his untimely response to the PCRA court's Rule 907 notice. *See id*. at 8, 10. Rojas additionally states that he did not learn of the March 1, 2022 dismissal order until June 10, 2022, when he received a copy of the docket entry from prison officials. *See id*. at 9.

On July 11, 2022, Rojas filed a *pro se* "Petition for Reinstatement of PCRA Appeal Rights *Nunc Pro Tunc*." Therein, Rojas sought reinstatement of

_____

[4] The docket indicates that the request for extension of time to file a response to the Rule 907 notice was received and docketed by the PCRA court on March 8, 2022. However, Rojas claims that he mailed the request on February 27, 2022, and the postmark on the envelope included in the certified record confirms this assertion. Hence, pursuant to the prisoner mailbox rule, we deem the request for extension as filed on February 27, 2022. *See Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001) (holding that the prisoner mailbox rule provides that the date of delivery of a court filing by the defendant or PCRA petitioner to the proper prison authority or to a prison mailbox is considered the date of filing).

his right to appeal the dismissal of his second PCRA petition, given his claim that he did not receive a copy of the March 1, 2022 dismissal order. The PCRA court treated the filing as an untimely third PCRA petition[5] and issued a notice of its intent to dismiss the petition without a hearing pursuant to Rule 907.[6] Rojas filed a response to the notice in which he conceded that the petition was untimely, but claimed that the timeliness exception for newly-discovered facts provided by 42 Pa.C.S.A. § 9545(b)(1) applied because: (1) he did not receive a copy of the March 1, 2022 order dismissing his second PCRA petition; and (2) he did not discover that it had been denied until June 10, 2022, when he requested and received a docket sheet showing the entry of the dismissal order. On October 5, 2022, the PCRA court entered an order dismissing Rojas's third PCRA petition. On October 25, 2022, Rojas filed a timely notice of appeal.

Rojas raises the following issues for our review:

---

[5] The PCRA court indicated that it was treating the petition as Rojas's second PCRA petition; however, as Rojas had already filed a second PCRA petition, it appears that the court intended to treat the filing as Rojas's third PCRA petition. **See** Rule 907 Order, 7/21/22, at 1.

[6] Here, Rojas's petition requests the *nunc pro tunc* restoration of his appellate rights. The PCRA encompasses his claim for relief, as he is seeking to obtain collateral relief from the dismissal of his second PCRA petition and the PCRA may, potentially, provide a remedy for him. **See Commonwealth v. Eller**, 807 A.2d 838 (Pa. 2002) (holding that a petitioner may not pursue reinstatement of appellate rights *nunc pro tunc* outside of the PCRA); **see also Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) (holding "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA").

A. Did PCRA court [*sic*] violated [*sic*] [Rojas's] due process [*sic*] when the court failed to provide him with an order dismissing his PCRA petition pursuant to: Pa.R.Crim.P. 114?

B. Did PCRA court [*sic*] err in determining and dismissing [Rojas's] petition requesting, "reinstatement of his PCRA appeal rights *nunc pro tunc*[,]"[] as untimely and without a hearing?

Rojas's Brief at 7 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. **See** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional

in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Rojas's judgment of sentence became final on November 12, 2013, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and he declined to petition the United States Supreme Court for a writ of *certiorari*. *See* U.S.Sup.Ct.R. 13 (stating that an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Thus, Rojas had until November 12, 2014, to file a timely PCRA petition. The instant petition, filed on July 11, 2022, was filed more than seven years after the judgment of sentence became final. Therefore, the instant petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

As Rojas's issues are related, we will address them together. Rojas claims that he did not receive a copy of the March 1, 2022 order dismissing his second PCRA petition and that, as a result of a breakdown in prison operations, he was denied the opportunity to appeal the dismissal order. Rojas explains that he was housed at State Correctional Institution ("SCI") Chester at the time the PCRA court issued its February 8, 2022 Rule 907 notice of intent to dismiss the petition without a hearing. Rojas further explains that

the Rule 907 notice was mailed to him via Smart Communications.[7]  Rojas claims that he did not receive the Rule 907 notice until February 23, 2022, which was fifteen days after it was mailed to him.  Rojas asserts that, on March 6, 2022, he was transferred from SCI Chester to SCI Forest and that, following his transfer, the only court mail he received was a copy of the March 16, 2022 order denying his request for an extension of time to file a response to the Rule 907 notice and a time-stamped copy of his opposition to the Rule 907 notice.[8]  Rojas claims that, in May 2022, he requested from prison officials a legal exemption box permit, which is afforded to prisoners with an active case, and his request was denied because his case had been marked as closed. According to Rojas, upon further inquiry, he was informed by prison officials on June 10, 2022 that his case had been closed due to the entry of the March 1, 2022 dismissal order, and he was provided with a copy of the docket entry. Rojas thereafter asked prison officials, in two separate requests, for a ledger of the "legal mail" he received since February and March 2022.  **See** Rojas's

_____

[7] In 2018, the Department of Corrections entered an agreement with Smart Communications to conduct its prisoner mail scanning and processing services.  Pursuant to that agreement, all non-privileged mail is mailed to Smart Communications' post office box in St. Petersburg, Florida, where Smart Communications' staff opens and scans all non-privileged inmate mail, and then electronically transmits the scanned copies to the appropriate SCI staff.

[8] Notably, the court mailed the March 16, 2022 order denying the request for extension of time to file a response to the Rule 907 notice to Rojas at SCI Chester, nevertheless, he concedes that he received it at SCI Forest on March 27, 2022.  **See** Rojas's Brief at 10, 15.

Brief at 15. In both responses, only one unidentified item of mail was indicated, with a date of June 10, 2022.[9] Rojas's Brief at Exhibit A-1, B-1. Rojas claims that these facts demonstrate a breakdown in the mailing system, and the PCRA court should have conducted an evidentiary hearing to determine whether there was a breakdown in the prison mailing system that prevented him from receiving the March 1, 2022, dismissal order.

The PCRA court considered Rojas's issues and concluded that they lacked merit. The court reasoned:

> In his response, [Rojas] attempts to invoke the "unknown fact" exception, which allows a petitioner to present an untimely claim if the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. 9545(b)(1)(ii). [Rojas] states he was unaware that his previous PCRA petition was denied and thus was unable to timely appeal that decision. Unfortunately, [Rojas] has not proven that he could not have discovered this fact sooner with the exercise of due diligence. [Rojas] is aware of how the PCRA process works, specifically what happens following a [Rule 907] notice of intent to dismiss. [Rojas] admittedly received my [Rule 907] notice and could have reached out to prison authorities or the court sooner to determine what happened with his PCRA petition. In fact, [Rojas] states he first learned of the denial after contacting prison authorities and learning his case was marked closed. [Rojas] has failed to show he exercised due diligence and his petition is therefore untimely.

PCRA Court Order, 10/5/22, at n.1 (unnecessary capitalization omitted).

_____

[9] The responses from prison officials are clearly at odds with Rojas's concession that, on March 27, 2022, he received the PCRA court's March 16, 2022 order denying his request for an extension to file a response to the Rule 907 order, and that on April 4, 2022, he received a time-stamped copy of his March 14, 2022 response to the Rule 907 order. *See* Rojas's brief at 8, 10.

The basis for the PCRA court's dismissal of Rojas's third PCRA petition is that, even assuming that Rojas did not receive a copy of the March 1, 2022 order dismissing his second PCRA petition, he nevertheless failed to use due diligence in discovering that the petition had been denied because he received the Rule 907 notice. Implicit in the court's reasoning is the premise that, upon receiving the Rule 907 notice which indicated that Rojas had only until February 28, 2022, to respond to the notice, he should have been alerted to the fact that an order dismissing his second PCRA petition could be entered at any time on or after that date. The PCRA court seemingly concluded that due diligence required Rojas to ask prison officials regarding the status of his case every day on or after February 28, 2022, and that if he had done so, he would have discovered the March 1, 2022, dismissal of his second PCRA petition within sufficient time to permit him to file a timely notice of appeal on or before March 31, 2022. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).

However, due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016); **see also Commonwealth v. Brensinger**, 218 A.3d 440, 448-49 (Pa. Super. 2019) (*en banc*) (same). Stated differently, due diligence requires reasonable efforts

by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief. **_See Commonwealth v. Burton_**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (_en banc_).

In our view, the PCRA court seems to have required perfect vigilance and punctilious care from Rojas such that, commencing on February 28, 2022, he should have made daily inquiries of prison officials as to whether a dismissal order had been entered in his case, and if he had done so, he would have been able to file a timely notice of appeal on or before March 31, 2022.

However, based on the particular circumstances asserted by Rojas, we cannot conclude that he failed to act with due diligence prior to the expiration of the appeal period on March 31, 2022. Rojas claimed that he did not receive the March 1, 2022, dismissal order. He further claimed that he did not receive the March 16, 2022, order denying his request for an extension of time to respond to the Rule 907 notice until March 27, 2022, which was only four days before the appeal period expired. Notably, the PCRA court did not indicate in its March 16, 2022 denial order that it had already dismissed Rojas's second PCRA petition. Thus, upon Rojas's receipt of that denial order on March 27, 2022, he may have reasonably anticipated that an order dismissing his second PCRA petition might then be forthcoming from the PCRA court. However, we simply cannot conclude that he failed to act with due diligence because he did

not make daily inquiries of prison officials regarding the status of his case on or after February 28, 2022, and prior to March 31, 2022.[10]

Given this determination, any subsequent discovery by Rojas of the March 1, 2022, dismissal order would constitute a fact unknown to Rojas which could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). While we agree with the PCRA court that Rojas could have acted sooner than May 2022 to reach out to prison officials (*i.e.*, in April 2022), he nevertheless had one year from the date he should have discovered the dismissal order in which to file a serial PCRA petition. *See id*.; *see also id*. § 9545(b)(2) (providing that any PCRA petition invoking one of the timeliness exceptions "shall be filed within one year of the date the claim could have been presented"). Thus, even if Rojas could reasonably have discovered the dismissal order at some point in April 2022, he would have had one year from that date in which to file the instant petition. Accordingly, we are constrained to conclude that the PCRA court abused its discretion in determining that the instant petition, filed on July 11, 2022, is untimely. We therefore vacate the October 5, 2022, dismissal order and remand for further proceedings.

---

[10] Moreover, upon his receipt of a time-stamped copy of his opposition to the Rule 907 notice on April 4, 2022, Rojas might have thought that the PCRA court had accepted his opposition and was actively considering it, as opposed to refusing to accept it for filing and returning it unstamped to Rojas as moot.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/14/2023